J. D. WILLIAMS, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28951. Promulgated February 2, 1931.

*Lawrence A. Baker, Esq.*, for the petitioner.
*John E. Marshall, Esq.*, for the respondent.

22

OPINION.

MATTHEWS: The only question in issue in this proceeding is whether the petitioner is entitled to special assessment for that portion of the calendar year 1921 falling within the fiscal year ended July 31, 1922, under the provisions of sections 327 and 328 of the Revenue Act of 1921. Section 327 of the 1921 Act provides in part:

That in the following cases the tax shall be determined as provided in section 328:

\*       \*       \*       \*       \*       \*       \*

(d) Where upon application by the corporation the Commissioner finds and so declares of record that the tax if determined without benefit of this section would, owing to abnormal conditions affecting the capital or income of the corporation, work upon the corporation an exceptional hardship evidenced by gross disproportion between the tax computed without benefit of this section and the tax computed by reference to the representative corporations specified in section 328. \*   \*   \*

The petitioner alleges that there was an abnormality in its invested capital in 1921 by reason of the fact that its profits for that year were due chiefly to secret formulae and processes for dyeing fur and the intimate knowledge of the officers of petitioner corporation, which formulae and processes, although invaluable to the petitioner,

are not capitalized in the accounts and are of no benefit to the petitioner in computing invested capital. The respondent denied the petitioner's application for special assessment on the ground that no abnormality in either capital or income for the period involved herein had been established as a fact.

It is stated in the petition that the petitioner was granted the right to special assessment for the fiscal years ended July 31, 1917, July 31, 1918, and July 31, 1919, and that the same conditions obtained throughout the fiscal year ended July 31, 1922. We have repeatedly held that the granting of special assessment for one year does not of itself warrant the granting of special assessment for a succeeding year. Granting relief in previous years can not be accepted as proof that error was committed in denying relief in 1921. *Enameled Metals Co.*, 14 B. T. A. 1392; *Standard Rice Co.*, 13 B. T. A. 338, and cases cited therein.

It must be determined whether the petitioner's failure to capitalize the formulae and secret processes which were taken over by it upon incorporation resulted in an abnormality in the capital of the corporation which would entitle it to special assessment. It is well settled that the mere statutory exclusion of a particular asset from invested capital does not justify special assessment. The facts in each case must be weighed to ascertain whether an abnormal condition has been created for the year under consideration.

In *Clarence Whitman & Sons, Inc.*, 11 B. T. A. 1192, we held that the asset excluded was the most substantial part of its capital and was the principal contributing factor in the production of the petitioner's taxable income, and special assessment was granted. See also *Rothschild Colortype Co.*, 14 B. T. A. 718, in which case special assessment was allowed for the reason that the assets in question were found to be of great value to petitioner and during the years under consideration were the principal income-producing factors in the business.

The record in this case does not disclose whether the respondent has, in computing the invested capital of the petitioner, allowed any value for intangible assets such as good will, secret processes, formulae, etc. We have found that in 1918 an entry was made on the books of the petitioner placing a value of $15,000 for good will and formulae as of August 31, 1909, and this item of $15,000 is listed in the schedule of assets shown on the general balance sheets attached to the return filed by the petitioner for the fiscal year ended July 31, 1922. The notice of deficiency which is attached to the petition does not set out the amount of income or invested capital determined by the respondent.

The president of the petitioner corporation testified that in 1909 these formulae were so valuable as to constitute the life of the petitioner's business, but that there was a material change in the petitioner's business after the introduction of new processes for dyeing furs in connection with the application of coal-tar products, and that by the year 1915 approximately 75 per cent of the petitioner's business consisted of the application of coal-tar products to the exclusion of the other formulae formerly used by the petitioner. He further testified that the coal-tar processes have continued to grow in use and that these processes are common knowledge to the trade in general. There is no evidence with respect to the value of the formulae and secret processes in 1921 or as to the amount of income derived in that year from the use thereof.

In *Ault & Wiborg Co.*, 10 B. T. A. 183, 190, we said, in denying special assessment:

The last issue presented is with respect to petitioner's claim for special assessment under the relief provisions of sections 327 and 328 of the Revenue Act of 1918. Petitioner has shown that it has developed secret processes and formulae, but it has not shown to what extent they produced petitioner's income except in one instance where a certain patent has produced over $1,000,000 profits in about 27 years. We have not been shown the relation of the profits from that patent to the year 1918. * * *

See also *Union Drawn Steel Co.*, 15 B. T. A. 761, where we held that the proof adduced with respect to the value of certain secret processes was insufficient to establish an abnormal condition within the meaning of the statute. To the same effect is *Semon Bache & Co.*, 20 B. T. A. 275; *Cramer & King*, 13 B. T. A. 399; affd., 41 Fed. (2d) 24.

It is clear that the facts submitted in the instant case fail to support the allegation that the petitioner's profits for the period under consideration were due chiefly to the secret formulae and processes for dyeing fur and the intimate knowledge of the petitioner's officers. It has not been shown that the formulae were so valuable to the petitioner in 1921 that their exclusion from invested capital would create an abnormal condition affecting the capital or income of petitioner. Further, we are unable to ascertain from the record the amount of invested capital determined by the Commissioner.

We are of the opinion that the petitioner has failed to prove that the determination of the tax without the benefit of section 328 would, under the circumstances set out herein, work an exceptional hardship upon it within the meaning of the statute.

*Judgment will be entered for the respondent.*